RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/22/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LLOYD J. SMITH (#80461) | DOCKET NO. 1:12-CV-2952; SEC. P |
| VERSUS | JUDGE DRELL |
| MICHAEL LEBLANC | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) complaint initiated by Lloyd J. Smith on November 15, 2012. Plaintiff was granted leave to proceed *in forma pauperis* on December 28, 2012. Plaintiff if an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at Winn Correctional (WNC) in Winnfield, Louisiana. He seeks monetary damages for illegal confinement beyond his release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff's complaint alleges that, since the 1970s, he has been convicted of three crimes in three parishes: Richland Parish, St. Mary Parish, and most recently, Webster Parish. He states that he should have been released on April 25, 2012. [Doc. #1] Plaintiff asks the court to obtain the files from his three convictions and then "clear my name" and award him reasonable compensation. [Doc. #5, p.3-4]

### *Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff seeks monetary damages for unlawful confinement past his release date and/or for crimes to which he claims he is innocent. The claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Under <u>Heck</u>, a prisoner's claim for monetary damages attributable to an alleged wrongful confinement is not cognizable in federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such confinement. Such a complaint must be dismissed unless the plaintiff can demonstrate that his confinement has already been invalidated or determined to be wrongful by a separate tribunal. <u>Id.</u>

In the present case, a determination that the plaintiff is

2

entitled to monetary damages as a result of his confinement would necessarily imply that his confinement, and/or the length thereof, is wrongful and that he should be released from physical custody. He has not alleged that his convictions have been invalidated or called into question by a Court of jurisdiction; in fact, he asks this Court to exonerate him. Therefore, the plaintiff's claim for monetary relief under §1983 falls squarely within the holding of Heck v. Humphrey.

Plaintiff's request for exoneration in this civil rights case is not properly before the Court. A habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). However, Plaintiff should note that, with regard to habeas corpus, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint [Doc. #1, 5] be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4